**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THOMAS R. NARRIGAN, individually and on behalf of all others similarly situated, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION <br> ) Case No. _____ |
| DEBORAH B. GOLDBERG, in her official capacity As Treasurer and Receiver General of the Commonwealth of Massachusetts, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff, Thomas R. Narrigan ("Plaintiff"), individually and on behalf of a Class of persons, as defined below, for this class action Complaint (the "Complaint") against Defendant Deborah B. Goldberg, Treasurer and Receiver General of the Commonwealth of Massachusetts (the "Treasurer"), in her official capacity, states as follows:

**INTRODUCTION**

1.      Plaintiff brings this action challenging the constitutionality under the Fifth and Fourteenth Amendments to the United States Constitution of the provisions of the statute of the Commonwealth of Massachusetts ("Massachusetts" or the "Commonwealth") concerning abandoned and unclaimed property, Massachusetts General Laws, Ch. 200A (the "Massachusetts Act" or the "Act"), which requires the Commonwealth to take for public use, without paying just compensation, private property that the Commonwealth classifies as "presumed abandoned." This action also challenges the Act under the Takings Clause, Article X of the Massachusetts Constitution. Count I of the Complaint seeks declaratory and injunctive relief under 42

U.S.C. § 1983 and under the United States Constitution on behalf of all current owners of unclaimed property held by the Treasurer in the form of money.  Count II seeks identical relief under Section l983 and the Massachusetts Constitution.

2.      The Act applies to personal property held by a third party referred to in the Act as a "person," for example, a bank, insurance company, corporation, governmental body or public utility (referred to here as the "holder"). Under the Act, such property is "presumed abandoned" if the owner has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property within certain time limits set out in the Act. Sec. 1A.  Property that is "presumed abandoned" must be delivered by the holder to Defendant and used for public purposes, including paying state obligations. The Commonwealth does not pay just compensation to the owners of the property for its use of the property while in the Commonwealth's custody.

3.      The Takings Clause of the Fifth Amendment to the United States Constitution (the "Fifth Amendment") prohibits the government from taking or using private property for public purposes without just compensation to the property owner: "nor shall private property be taken for public use, without just compensation."

4.      The Takings Clause of Article X of the Massachusetts Constitution ("Article X") contains a similar proscription: "And whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor."

5.      Under the Fifth Amendment and Article X of the Massachusetts Constitution, just compensation means the full monetary equivalent of the property taken from its owner or another who is entitled to the property, including the benefit to

the Commonwealth of the use of that property.

6.      The Fifth Amendment and Article X of the Massachusetts Constitution protect not only the principal of unclaimed property in the custody of the state, but also the time-value of the property.

7.      At a minimum, just compensation requires that the owners of unclaimed property are entitled to receive back from the state the "time-value" of their property for as long as the property is in the control of the Commonwealth and used by the Commonwealth for governmental or public purposes.

8.      The Massachusetts Act, however, limits and sets out certain criteria for any payment to the owner or person entitled to recover the unclaimed property that is over and above the original amount received by the Treasurer, and it does not permit payment of the just compensation due from the Commonwealth for the use of that property while in state custody.

9.      The Act thus violates the Takings Clause of the Fifth Amendment and Article X of the Massachusetts Constitution because it denies just compensation to the owner or person entitled to recover the unclaimed property.

## PARTIES

10.     Plaintiff is and has been at all relevant times a citizen and resident of Massachusetts. Plaintiff is an "owner" of property that is currently held in custody by Defendant pursuant to the Act and used for public purposes.

11.     Defendant Deborah Goldberg is the Treasurer and Receiver General of the Commonwealth of Massachusetts. In that position, pursuant to the Act, Defendant, or any predecessor or successor in that position, is and has been in charge of supervising and

administering the Act.  Plaintiff sues Defendant Goldberg in her official capacity. In that

capacity, she resides in this District and is subject to suit in this District.

## JURISDICTION AND VENUE

12.     The claims in this Complaint arise under the Fifth and Fourteenth

Amendments to the United States Constitution, Article X of the Massachusetts Constitution,

and under 42 U.S.C. § 1983.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367(a). Count I of this Complaint seeks a

Declaratory Judgment under 28 U.S.C. § 2201, *et seq.*

13.     Venue is proper in this District because Defendant is deemed to reside in

and is subject to suit in this District, and because a substantial portion of the events that give

rise to the claims asserted in this action occurred in this District.

## STATEMENT OF FACTS

### The Act and Its Operation

14.     The Massachusetts Act is based on the Uniform Unclaimed Property Act

promulgated by the Uniform Law Commission.   The purpose of Unclaimed Property Acts

such as the Massachusetts Act is twofold: first, to reunite owners with their property; and

second, to allow the State rather than the holder to use the property before it is reunited with

its owner. The Act is custodial in nature; title to and  ownership of the unclaimed property

remains with the owner.

15.     The Massachusetts Act provides that private property is "presumed unclaimed

and abandoned" if the owner or apparent owner has not communicated in writing with the

holder concerning the property or has not otherwise given an indication of interest in the

property for a certain period of time, usually one or three years.  See Sections 3, 4, 5, 5A,

5B, 6A, 6B, 6D.  Once a holder determines property in its possession is "presumed

abandoned" within the meaning of the Act, the holder is required to attempt to notify the owner and, if the property is not claimed by the owner, to deliver the property into the custody of the office of the Treasurer. *Id*. at 7A, 8A. Property which has been "surrendered to the Treasurer shall vest in the commonwealth" subject to being reclaimed by the owner. Defendant is authorized to liquidate unclaimed property--other than securities--after one year and sell it to the highest bidder at a public sale and to liquidate securities at the market price after three years. *Id.* Section 9.

16.     Monies the Treasurer receives as unclaimed property and proceeds from the liquidation of unclaimed property -- after costs incurred in connection with the liquidation, administration and distribution of the unclaimed property are deducted – are placed in a special fund, the "Unclaimed Property Fund."  When the Unclaimed Property Fund exceeds $500,000, the excess is credited to the Commonwealth's General Fund. *Id.* Section 9.

17.     Under the Act, any person claiming an interest in the property surrendered to the Treasurer may claim return of the property at any time. If the Treasurer determines that the claim is valid, the Treasurer shall pay to the owner of unclaimed property the amount the Treasurer actually received plus a specified rate of interest depending on whether the property had earned interest before it was delivered into the custody of the Treasurer, and, if so, how much interest the property earned.

(a)  If the property did not earn interest before delivery to the Commonwealth, the Act provides that the owner will receive one percent interest for each year the property was held by the Commonwealth.

(b)  If the property earned interest prior to delivery to the Treasurer, the Commonwealth will pay the rate of interest the property earned up to delivery to the Treasurer but no

more than five percent per year.

Interest under the Act is paid from the date of delivery to the Treasurer until payment is made to the owner or 14 years from the date of delivery, whichever is shorter. *Id*. Section 10. The Commonwealth, however, does not pay just compensation for the use of the property.

18.     As noted above (see Paragraph 16), the Act directs the Treasurer to deposit the major portion of all funds received as unclaimed property, including funds from the liquidation of unclaimed property, into the General Fund of the Commonwealth, the Fund into which revenue payable to the Commonwealth is paid. Unclaimed property transferred to the General Fund is used to fund various state projects or invested alongside other state revenues in the General Fund or is held in interest-bearing accounts or other investment instruments.  The interest, dividends, accruals, returns and other benefits from the use and investment of these funds must, however, inure to the sole benefit of the Commonwealth. The Commonwealth thus takes private property for public purposes by using it to pay state obligations, investing it or otherwise benefiting from its use.

19.     The Treasurer has reported that the Commonwealth is holding more than $3 billion of unclaimed property for unclaimed property owners and has returned more than $787 million from the Unclaimed Property Fund to claimants in the past five years.

20.     Unlike an escheat statute, in which actual title to or ownership of abandoned property may eventually vest in the state after certain due process procedures are followed, the Act is purely custodial in nature, and title to or ownership of abandoned property is never transferred from the owner to the Commonwealth of Massachusetts. Thus, title and ownership of property that is unclaimed and cash received from the liquidation of unclaimed property at all times remain with the owner of the property.

21.     The Supreme Court has held that the Takings Clause of the Fifth Amendment protects the time value of money just as much as it does money itself. Federal courts now recognize that the Fifth Amendment requires that owners of unclaimed property receive the time value of their property (that is, just compensation for the use of their property) along with the return of the property. *See Goldberg v. Frerichs*, 912 F.3d 1009 (7th Cir. 2019); *Kolton v. Frerichs*, 869 F.3d 532 (7th Cir. 2019); *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013). *See also Sogg v. Zurz,* 905 N.E.2d 187 (Ohio 2009).

22.     The essential features of the Massachusetts Act are similar to provisions of other statutes that preclude payment of just compensation for the state's use of private property, and specifically, provisions of the Illinois Unclaimed Property Act that were held to violate the Takings Clause. The Illinois act barred payment to property owners for the state's use of the owner's property while in the state's custody. Likewise, the Massachusetts Act does not provide for the payment of compensation that reflects or compensates property owners for the Commonwealth's use of unclaimed property while the property is in the Commonwealth's custody.

### Plaintiff's Property

23.     According to the Defendant's online records, Defendant holds Plaintiff's property described as "miscellaneous intangible property" and "refunds," and valued at less than $100.00 by the Treasurer, in custody. A copy of the printout from the Treasurer's website is attached to this Complaint as Exhibit A. Plaintiff is the owner under the Act with respect to his property. Defendant has at all times since delivery held Plaintiff's property in custody subject to its being claimed by or on behalf of Plaintiff.

24.     While the Defendant held Plaintiff's property in custody, pursuant to the

Act, the Commonwealth has converted Plaintiff's non-cash unclaimed property into cash and has used the cash to fund the Commonwealth's operations and programs.

25.     Under the Act, should Plaintiff claim his property, Defendant will pay Plaintiff a cash payment equal to the total sum of the amounts stated in Commonwealth records as the cash amount of the unclaimed property. Although the state pays a statutory amount of interest, that interest is not based on or related to the benefits to the Commonwealth from the use of the property and is not just compensation for the Commonwealth's use of that property during the period of custody.

## CLASS ACTION ALLEGATIONS

26.      Plaintiff brings this action on his own behalf and as a class action, pursuant to Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, seeking declaratory and prospective injunctive relief on behalf of the following class (the "Class"):

> All persons or entities (including their heirs, assignees, legal representatives, guardians, administrators, and successors in interest) who are owners of unclaimed property being held in custody by the Treasurer of the Commonwealth of Massachusetts in the form of money under Massachusetts's disposition of unclaimed property statute, Mass. General Laws, Ch. 200A.

27.     The members of the Class are so numerous that joinder of all members is impracticable. There are currently hundreds of thousands of persons or entities who own property presumed abandoned and held in custody by Defendant under the Act. Currently the Treasurer is holding more than $3 billion in unclaimed property in custody, with hundreds of millions of dollars of additional unclaimed property flowing to the Commonwealth annually. The average amount of each claim is too small to warrant an individual action challenging the Act's legality under the United States Constitution and the Massachusetts Constitution, making joinder of all class members impracticable.

28.     Plaintiff's claims are typical of the claims of the members of the Class.

Plaintiff's property is being held in custody under the Act by Defendant and, while in the Commonwealth's custody, is subject to the same provisions of the Act that prohibit the Commonwealth from paying just compensation to other owners of unclaimed property for interest or earnings and other benefits received while unclaimed property is held by Defendant.

29.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

30.     There are questions of law and fact common to the Class, including the following:

    a.      whether the Act violates the Fifth Amendment's requirement of just compensation;

    b.      whether the Commonwealth is required to pay just compensation for the use of unclaimed property in its custody for public purposes;

    c.      the proper measure of compensation for the Class; and

    d.      the appropriate injunctive and declaratory relief for the Class.

31.     Plaintiff's claims arise out of the same common course of conduct by Defendant giving rise to the claims of the other members of the Class. Defendant has acted and refused to act on grounds that apply generally to the Class so that injunctive and declaratory relief are appropriate.

32.     The Fifth Amendment to the United States Constitution protects not only the principal of unclaimed property in the custody of the State, but also the time-value of the property. Accordingly, upon return of their unclaimed property, Plaintiff and the members of the Class are entitled to just compensation for the Commonwealth's use of their property in violation of the Fifth Amendment and Article X of the Massachusetts

Constitution.   While the amount of just compensation will depend on the circumstances, the

measure of just compensation should be based on the benefit to the Commonwealth conferred

from its beneficial use of the property, or the value of the unclaimed property held and used

by the Commonwealth.

### COUNT I

### CLAIM FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE
### RELIEF AWARDING JUST COMPENSATION ON BEHALF OF
### PLAINTIFF AND THE CLASS FOR VIOLATION OF THE
### FIFTH AMENDMENT TO THE U.S. CONSTITUTION

33.     Plaintiff realleges each of the foregoing paragraphs as though fully set forth

herein.

34.     The Act violates the Fifth Amendment in that it directs that unclaimed

property surrendered to the Commonwealth must be used for public purposes without the

payment of just compensation to property owners.

35.     Plaintiff and the Class are entitled to a declaration that the Act violates the

Fifth Amendment.

36.     The Defendant's unlawful course of conduct will continue absent a

declaration from this Court that Defendant's conduct violates the rights of the Plaintiff

and the members of the Class and an injunction from this Court requiring the Defendant

to change the course of conduct described above.

37.     Plaintiff and the members of the Class are entitled to a judgment declaring

their rights with respect to the conduct set forth in this Complaint. Therefore, judgment

may issue under 28 U.S.C. § 2201, *et seq.*

**COUNT II**

**CLAIM FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF
AWARDING JUST COMPENSATION ON BEHALF OF PLAINTIFF
AND THE CLASS FOR VIOLATION OF ARTICLE X OF
THE MASSACHUSETTS CONSTITUTION**

38.     Plaintiff realleges paragraphs 1 through 32 as though fully set forth herein.

39.     The Act violates Article X in that it directs that unclaimed property surrendered to the Commonwealth must be used by the Commonwealth for public purposes without the payment of compensation that is just and reasonable.

40.     Plaintiff and the Class are entitled to a declaration that the Act violates Article X and that the Commonwealth must pay just and reasonable compensation as required by Article X.

41.     The Defendant's unlawful course of conduct will continue absent a declaration from this Court that Defendant's conduct violates the rights of the Plaintiff and the members of the Class and an injunction from this Court requiring the Defendant to change the course of conduct that is described above.

42.     Plaintiff and the members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq.*

**WHEREFORE,** Plaintiff prays that the Court enter judgment in his favor and in favor of the Class and against Defendant as follows:

A.     Declaring that this action may be maintained as a class action pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the Class defined above and that Plaintiff is a proper Class representative and designating his

counsel as Class Counsel;

      B.      Declaring that the Commonwealth's use of the unclaimed property surrendered to the Commonwealth for public purposes is a taking of property within the meaning of the Fifth Amendment and Article X, for which the Commonwealth is required to pay just compensation;

      C.      Declaring that Defendant must pay just compensation to Plaintiff and the Class and setting the measure of just compensation;

      D.      Issuing an injunction to ensure that the Commonwealth complies with that Declaration when returning property to owners of unclaimed property;

      E.      Awarding Plaintiff his attorneys' fees and reimbursement of expenses, pursuant to applicable principles of equity and/or pursuant to 42 U.S.C. § 1988; and

      F.      Awarding such other and further relief as the Court deems just and proper.

Dated: January 12, 2024

/s/ Edward A. Broderick
**BRODERICK LAW, P.C**
176 Federal Street, Fifth Floor
Boston, MA 02110
Tel: (617) 738-7080
Fax: (617) 830-0327
ted@brodericklaw.com

Terry Rose Saunders *(Pro Hac Vice* to be submitted)
**THE SAUNDERS LAW FIRM**
120 North LaSalle Street, 20th Floor
Chicago, IL 60602
312-444-9656
tsaunders@saunders-lawfirm.com

Arthur Susman *(Pro Hac Vice* to be submitted)
**THE LAW OFFICES OF ARTHUR SUSMAN**
1540 N. Lake Shore Drive
Chicago, Illinois 60610
(847) 800-2351
arthur@susman-law.com